**FILED**

MAR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION
P. O. Box 64909
St. Paul, MN 55164-0909

Plaintiff,

v.

DISTRICT OF COLUMBIA
PUBLIC SCHOOLS
825 North Capital Street, NE.
Washington, D.C. 20002

SERVE:    John Musso
          Chief Financial Officer
          District of Columbia Public Schools
          825 North Capital Street, NE
          Washington, D.C. 20002

Defendant

Civ

CASE NUMBER   1:06CV00420

JUDGE: Rosemary M. Collyer

DECK TYPE: General Civil

DATE STAMP: 03/ 6 /2006

## COMPLAINT

COMES NOW the Plaintiff, Educational Credit Management Corporation ("ECMC"),

by and through counsel, Rand L. Gelber, and files this Complaint seeking relief against the

District of Columbia Public Schools ("DCPS") and states as follows:

## PARTIES

1.    ECMC is a non-profit corporation organized under Minnesota Laws and

pursuant to 20 U.S.C. § 1095a and 34 C.F.R § 682.410 (b)(10) has the authority to file and

pursue this lawsuit.

2.    District of Columbia Public Schools, upon information and belief, is an

agency of the District of Columbia government doing business in the District of Columbia

1

with its principal place of business at 825 North Capital Street, NE., Washington, D.C. 20002.

## JURISDICTION

3.      This court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R § 682.410(b)(10)(i)(F).

## VENUE

4.      Because Defendant is domiciled in Washington, D.C. venue for this action is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

5.      Under Title IV, Part B of the Higher Education Act of 1965 ("HEA") Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students' post-secondary education. See 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary ("Secretary") pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. See 20 U.S.C. § 1078(a),(c).  This program is presently known as the Federal Family Education Loan Program ("FFELP")

6.      To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. See 20 U.S.C §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance

agreement with the agency. *See* 20 U.S.C § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C § 1078(c)(2); 34 C.F.R § 682.410(b). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C § 1078(c)(2)(D).

7.    To assist the Secretary and the guaranty agencies in collecting defaulted student loans, in 1991, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to ten percent (10%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a; *see also* Department of Education, Dear Agency Guaranty Letter (1994). This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C § 1095a(a), (b) 34 C.F.R § 682.410(b)(10). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C § 1095(a)(6); 34 C.F.R § 682.410(b)(10)(i)(F).

8.    ECMC is a guaranty agency under the FFELP.

9.    Antonio Parker ("Borrower") owes a student loan debt to ECMC which is in default in the amount of $49,567.30 as of November 11, 2005, plus interest and was at all times relevant, an employee of Defendant.

3

10.    On April 5, 2005, ECMC, or a collection agency working on behalf of ECMC, served Borrower with the required thirty (30) day Notice of Intent to Initiate Withholding Proceedings, a copy of which is attached hereto and incorporated herein by reference at Plaintiff's Exhibit #1.

11.    Because no hearing was requested under 20 U.S.C § 1095a(a)(5)(b), ECMC issued a Withholding Order on May 26, 2005, a copy of which is attached hereto and incorporated herein by reference at Plaintiff's Exhibit #2.

12.    No representative or officer of the Defendant contacted ECMC regarding the Withholding Order, and Defendant did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore, ECMC sent Defendant subsequent notice on August 3, 2005, requesting compliance with the Withholding Order, a copy of which is attached hereto and incorporated herein by reference at Plaintiff's Exhibit #3.

13.    On October 14, 2005, ECMC sent Defendant a demand letter further requesting compliance with the Withholding Order, a copy of which is attached hereto and incorporated herein by reference at Plaintiff's Exhibit #4.

14.    Defendant has, at all relevant times, refused to comply with the Withholding Order.

## VIOLATION OF 20 U.S.C. § 1095a

15.    Based on the foregoing, Defendant is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC may administratively garnish up to ten percent (10%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

16.    Because Defendant has failed to comply with the Withholding Order,

4

Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

17.    The amount due to ECMC is either ten percent (10%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

18.    Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

### INJUNCTION

19.    Based on Defendant's continuing refusal to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and remit ten percent (10%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates his employment with Defendant, whichever occurs earlier.

20.    ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C § 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, ECMC respectfully requests this Court grant ECMC:

1)    Damages in the amount that Defendant should have withheld from Borrower's wages;

2)    Pre and post-judgment interest on this amount, as allowed by law;

3)    An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or he/she no longer works for Defendant;

4)    Reasonable attorneys' fees and costs; and

5)    Such other relief as the Court deems appropriate.

Respectfully Submitted,

Dated: ___2/10/2006___         /s/   Rand L. Gelber

RAND L. GELBER, Fed Bar # 08663
One Church Street, Suite 802
Rockville, Maryland 20850
301-251-0202
Attorney for Plaintiff, Educational Credit
Management Corporation

CURTIS P. ZAUN
Minn. Atty. License 2663 10
Co-Counsel
Educational Credit Management Corporation
P. O. Box 64909
St. Paul, MN 55164-0909

6

April 5, 2005

ANTONIO D PARKER
7612 FONTAINEBLEAU DR APT 142
NEW CARROLLTON, MD 20784-3832

*208 64 9349*

---

**RE** Defaulted Student Loan(s)
**SSN.** XXX-XX-9349
**EMPLOYER:** District Of Columbia Public Schools
**TOTAL AMOUNT CURRENTLY OWING:** $ 48388 62
(This amount includes principal, interest and projected collection costs )

## NOTICE PRIOR TO WAGE WITHHOLDING

You are given notice that Educational Credit Management Corporation (ECMC), pursuant to Federal Law (Public Law 102-164, 20 USC 1095a et seq ), will order your employer to immediately withhold money from your pay (a process known as "wage garnishment") for payment of your defaulted student loan(s) unless you take the action set forth in this Notice

You must establish a written repayment agreement with ECMC within thirty (30) days of the date of this Notice  Otherwise, ECMC will proceed to collect this debt through deductions from your pay Unless you act within thirty (30) days of the date of this Notice, your employer will be ordered to deduct from your wages an amount equal to no more than ten percent (10%) of your disposable pay for each pay period, or the amount permitted by 15 U S C  1673 (unless you give ECMC written consent to deduct a greater amount) to repay your student loan(s) held by ECMC  Disposable pay includes pay remaining after all deductions required by law have been withheld (such as social security, federal and state income taxes)  Your employer will be ordered to deduct this amount no later than the first pay period which occurs after the date on which the **Order of Withholding** was issued, and will be ordered to deduct this amount each time you are paid until your debt is paid in full  **This is an attempt to collect a debt.  Any information obtained will be used for that purpose**

**You have the following rights regarding this action:**

- You have an opportunity to inspect and/or request copies of ECMC's records relating to your debt  Basic information about your debt will be provided free of charge along with our response to your hearing request  All requests for documentation must be in writing  Telephone requests will not be honored  **Please note that a request for documents, by itself, will not prevent garnishment of your wages**

- You have the opportunity to avoid wage garnishment by immediately remitting the balance in full or by entering into a written repayment agreement with ECMC to establish a satisfactory schedule for the repayment of this debt  To obtain information on entering into a repayment agreement, call ECMC at **1-800-780-7997**, or **(651) 221-0037**, e-mail collections@ecmc org or WebSite  www ecmc org

**06 0420**



PLAINTIFF'S
EXHIBIT
#1

**FILED**

MAR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rec'd ECMC 05/31/2005

May 26, 2005

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
825 NORTH CAPITAL ST NE
ATTN PAYROLL MANAGER
WASHINGTON, DC 20002-

RE: Student Loan Debt

## ORDER OF WITHHOLDING FROM EARNINGS

Pursuant to authority granted Educational Credit Management Corporation (ECMC) by Federal Law (Public Law 102-164, 20 U S C '1095a et seq ), **you**, the employer of the debtor named below, **are hereby ordered and directed** to withhold income from the debtor's disposable pay from this employment for payment of defaulted student loan(s) until the amount set forth below, plus all further accrued interest, is fully paid as follows

**DEBTOR.** ANTONIO D PARKER

**ADDRESS:** 7612 FONTAINEBLEAU DR APT 142
NEW CARROLLTON, MD 20784-3832

**SSN:** 208649349

**Total Amount Currently Due:** $48,556 83

**This Order of Withholding is issued on** May 26, 2005

**ECMC Federal Tax I.D. #:** 41-1778617

The employer **shall deduct and pay** ECMC an amount that does not exceed ten percent (10%) of the debtor's disposable pay for each pay period or the amount permitted by 15 U S C '1673, unless the debtor provides ECMC with written consent to deduct a greater amount

As the employer, you must comply with this law, which supersedes all state laws governing wage garnishment   Garnishment must begin on the first pay period following the receipt of this notice   **You must respond to this notice by completing and returning the enclosed form to our office within ten (10) business days.** If the employee is no longer employed by you, please indicate that on the form

AWG

06 0420

FILED

MAR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


PLAINTIFF'S
EXHIBIT
#2

Rec'd ECMC 09/06/2005

August 3, 2005

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
825 NORTH CAPITAL ST NE
ATTN PAYROLL MANAGER
WASHINGTON, DC 20002-

**RE:** Student Loan(s) of ANTONIO D PARKER
**SSN\LOAN #:** 208649349
**BALANCE:** $48,944 70
**ECMC FEDERAL TAX I.D. #:** 41-1778617

# SECOND NOTICE OF ORDER OF
# WITHHOLDING FROM EARNINGS

Dear Director of Payroll

Educational Credit Management Corporation (ECMC) previously issued an **Order of Withholding** requiring the employer to withhold a percentage of the above-mentioned debtor's wage for payment of a defaulted student loan(s)   Our records indicate this company employs this debtor

ECMC's records reflect that as of the date of this Second Notice, we have not received the wage withholding payments the **Order of Withholding** requires the employer to make

This **Second Notice of Order of Withholding from Earnings** is issued on August 3, 2005  If you have any questions regarding the **Second Notice of the Wage Withholding** process, call ECMC at 1-800-780-7997 or (651) 221-0037

Under Federal law, ECMC may **sue any employer who fails to withhold wages after receipt of an Order of Withholding**  If ECMC is forced to file suit, it is entitled to seek not just the amount an employer fails to withhold, but also attorney fees, costs, and punitive damages

**Unless your withholding payment is received by ECMC within thirty (30) days after the issuance of this Second Notice, ECMC must review the matter for legal action.**

## 06 0420



**FILED**

MAR − 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**PLAINTIFF'S
EXHIBIT
# 3**



## ECMC

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION

ECMC is an ECMC Group company.

October 14, 2005

District of Columbia Public Schools
825 North Capital Street NE
Washington DC 20002

RE: Order of Withholding From Earnings for Antonio Parker

Dear Sir or Madam:

PLEASE BE ADVISED that the Educational Credit Management Corporation ("ECMC") is prepared to file a lawsuit against District of Columbia Public Schools for failure to comply with the above-referenced Order of Withholding Earnings ("Order"), which was mail on May 26, 2005. A copy of the Order previously sent is enclosed.

Pursuant to 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9), you are required to remit ten percent (10%) of Antonio Parker's disposable income, or a lesser amount, if required by 15 U.S.C. § 1673. To date, notwithstanding repeated notices, you have refused to comply with the law. Accordingly, ECMC has retained local counsel and is prepared to file a lawsuit against you to recover all amounts you have failed to withhold, plus attorney fees, costs and if warranted punitive damages as authorized by 20 U.S.C. § 1095a(a)(6).

You must contact me by October 28, 2005, to make acceptable arrangements regarding the above-referenced Order. Failure to do so will result in appropriate legal action being taken against you. I look forward to hearing from you regarding the informal resolution of this matter.

Sincerely,

TROY GUNDERMAN
Associate Attorney
(651) 325-3252

06 0420

FILED

MAR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



PLAINTIFF'S
EXHIBIT

#4