# IN THE UNITD STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>   Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)   Case No. 06-420 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT DISTRICT OF COLUMBIA PUBLIC SCHOOLS' <u>MOTION TO DISMISS</u>

  Defendant District of Columbia Public Schools ("DCPS"), by and through undersigned counsel and pursuant to Fed. R. Civil P. 12(b)(6), hereby moves this Honorable Court to dismiss them from this action. As grounds, DCPS states that as an agency within the District of Columbia government, it cannot be sued as a separate entity. A Memorandum of Points and Authorities in support of this Motion is attached hereto.

4/28/06            Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division


                     /s/         
                KIMBERLY MATTHEWS JOHNSON
                Chief, General Litigation Section I
                Bar Number 435163

          /s/
_____
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S087
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov

## IN THE UNITD STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,  )<br>)<br>Defendant.  )<br>_____  ) | Case No. 06-420 (RMC) |

**DEFENDANT DISTRICT OF COLUMBIA PUBLIC SCHOOL'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>DEFENDANT'S MOTION TO DISMISS</u>**

*Preliminary Statement*

Plaintiff filed the instant lawsuit on March 6, 2006, naming only the District of Columbia Public Schools ("DCPS") as defendant. Plaintiff alleges that DCPS refused to comply with a withholding order that plaintiff, the Educational Credit Management Corporation ("ECMC"), sent to garnish the paycheck of Mr. Antonio Parker, who owed ECMC for a student loan debt. *Complaint,* Docket #1. As a result of the refusal to comply, ECMS alleges DCPS, as employer of Mr. Parker, violated 20 U.S.C. § 1095a[1], when it failed to comply with the Withholding Order issued by ECMC. *Id.*

*Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1971). The moving

---

[1] 20 U.S.C. § 1095a provides that guaranty agencies may administratively garnish up to ten percent (10%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order.

3

party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party receives the benefit of all inferences that can be reasonably drawn from the allegations made in the complaint, bare conclusions of law or sweeping and unwarranted declarations of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Id.*  The court need not accept inferences drawn by plaintiff if such inferences are unsupported by facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

As the plaintiff has failed to state a claim upon which relief may be granted against DCPS, the plaintiff's complaint should be dismissed.

### *Argument*

Plaintiff's complaint against Defendant DCPS must be dismissed because DCPS cannot be sued in its own name.  It is a well-established rule that agencies and departments within the District of Columbia government can not be sued as separate entities.  *See Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (citations omitted); *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999). Specifically, DC Public Schools cannot be sued, because it is not a suable entity under the D.C. Code.  *See Winder v. Erste, 2005 U.S. Dist. LEXIS 5190, \*11* (D.D.C. 2005) (DCPS is not a suable entity); *Graetz v. District of Columbia Public Schools,* 1987 U.S. Dist. LEXIS 12945, 1987 WL 8527, \*1 (D.D.C.) ("The District of Columbia Public Schools . . . is not a suable entity under the District of Columbia Code").

party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery.  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party receives the benefit of all inferences that can be reasonably drawn from the allegations made in the complaint, bare conclusions of law or sweeping and unwarranted declarations of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6).  *Id.*  The court need not accept inferences drawn by plaintiff if such inferences are unsupported by facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

As the plaintiff has failed to state a claim upon which relief may be granted against DCPS, the plaintiff's complaint should be dismissed.

### *Argument*

Plaintiff's complaint against Defendant DCPS must be dismissed because DCPS cannot be sued in its own name.  It is a well-established rule that agencies and departments within the District of Columbia government can not be sued as separate entities.  *See Fields v. District of Columbia Department of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992) (citations omitted); *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999). Specifically, DC Public Schools cannot be sued, because it is not a suable entity under the D.C. Code.  *See Winder v. Erste, 2005 U.S. Dist. LEXIS 5190, \*11* (D.D.C. 2005) (DCPS is not a suable entity); *Graetz v. District of Columbia Public Schools,* 1987 U.S. Dist. LEXIS 12945, 1987 WL 8527, \*1 (D.D.C.) ("The District of Columbia Public Schools . . . is not a suable entity under the District of Columbia Code").

Moreover, it has been held that a suit against a non-suable element of the District of Columbia government should not be treated as one naming the District of Columbia as a defendant. *See Kelly v. Morris*, 400 A.2d 1045, 1047 (D.C. 1979). In sum, there can be no recovery against the District of Columbia if it is not a named party. *See Roberson v. District of Columbia Board of Higher Education,* 359 A.2d 28, 31 (D.C. 1976).

Since plaintiff provides no basis of recovery against DCPS, plaintiff's complaint must be dismissed.

4/28/06                               Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/_____
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163


_____/s/_____
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S087
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)
E-mail:  Theresa.Rowell2@dc.gov