IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION<br>101 E. 5th Street, Suite 200<br>St. Paul, MN 55164-0909<br><br>                Plaintiff,<br><br>   v.<br><br>DISTRICT OF COLUMBIA<br>Wilson Building<br>1350 Pennsylvania Avenue, NW.<br>Washington, D.C. 20004<br><br>SERVE:  Anthony Williams, Mayor<br>         Wilson Building<br>         1350 Pennsylvania Avenue, NW.<br>         Washington, D.C. 20004<br>and<br><br>        Robert Spagnoletta, Attorney General<br>        Wilson Building<br>        1350 Pennsylvania Avenue, NW.<br>        Washington, D.C. 20004<br><br>and<br><br>DISTRICT OF COLUMBIA<br>PUBLIC SCHOOLS<br>825 North Capital Street, NE.<br>Washington, D.C. 20002<br><br>SERVE:    John Musso<br>            Chief Financial Officer<br>            District of Columbia Public Schools<br>            825 North Capital Street, NE<br>            Washington, D.C. 20002<br><br>                Defendants | :<br>:<br>:<br>:<br>:<br>:<br>Civil Case No.  1:06CV00420<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Educational Credit Management Corporation ("ECMC"), by and through counsel, Rand L. Gelber, and files this Amended Complaint seeking relief against the District of Columbia and the District of Columbia Public Schools ("DCPS") and states as follows:

### PARTIES

1. ECMC is a non-profit corporation organized under Minnesota Laws and pursuant to 20 U.S.C. § 1095a and 34 C.F.R § 682.410 (b)(10) has the authority to file and pursue this lawsuit, with its principal place of business located at 101 E. 5th Street, Suite 200, St. Paul, MN. 55101.

2. District of Columbia is a governmental entity located in the District of Columbia and is the entity that controls DCPS and is legally responsible for its actions / inactions.

3. District of Columbia Public Schools, upon information and belief, is an agency of the District of Columbia government doing business in the District of Columbia with its principal place of business at 825 North Capital Street, NE., Washington, D.C. 20002.

### JURISDICTION

4. This court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1331, as a civil action arising under 20 U.S.C. § 1095a(a)(6) and 34 C.F.R § 682.410(b)(10)(i)(F).

### VENUE

5. Because Defendant is domiciled in Washington, D.C., venue for this action is proper in the District of Columbia, pursuant to 28 U.S.C. § 1391(c).

**FACTUAL ALLEGATIONS**

6.  Under Title IV, Part B of the Higher Education Act of 1965 ("HEA") Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The federal government encourages the making of these loans by having the U.S. Secretary ("Secretary") pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. See 20 U.S.C. § 1078(a),(c). This program is presently known as the Federal Family Education Loan Program ("FFELP")

7.  To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. *See* 20 U.S.C §1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. *See* 20 U.S.C § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *See* 20 U.S.C § 1078(c)(2); 34 C.F.R § 682.410(b). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. *See* 20 U.S.C § 1078(c)(2)(D).

8.  To assist the Secretary and the guaranty agencies in collecting defaulted student loans, in 1991, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to ten percent

3

(10%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a; see also Department of Education, Dear Agency Guaranty Letter (1994). This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order. *See* 20 U.S.C § 1095a(a), (b) 34 C.F.R § 682.410(b)(10). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C § 1095(a)(6); 34 C.F.R § 682.410(b)(10)(i)(F).

9.  ECMC is a guaranty agency under the FFELP.

10.  Antonio Parker ("Borrower") owes a student loan debt to ECMC which is in default in the amount of $49,567.30 as of November 11, 2005, plus interest and was at all times relevant, an employee of Defendant.

11.  On April 5, 2005, ECMC, or a collection agency working on behalf of ECMC, served Borrower with the required thirty (30) day Notice of Intent to Initiate Withholding Proceedings, a copy of which is attached to the Complaint and incorporated herein by reference as Plaintiff's Exhibit #1.

12.  Because no hearing was requested under 20 U.S.C § 1095a(a)(5)(b), ECMC issued a Withholding Order on May 26, 2005, a copy of which is attached to the Complaint and incorporated herein by reference as Plaintiff's Exhibit #2.

13.  No representative or officer of the Defendant DCPS contacted ECMC regarding the Withholding Order, and Defendant DCPS did not remit any of the Borrower's wages in accordance with the Withholding Order. Therefore, ECMC sent Defendant DCPS

subsequent notice on August 3, 2005, requesting compliance with the Withholding Order, a copy of which is attached to the Complaint and incorporated herein by reference as Plaintiff's Exhibit #3.

14.     On October 14, 2005, ECMC sent Defendant DCPS a demand letter further requesting compliance with the Withholding Order, a copy of which is attached to the Complaint and incorporated herein by reference as Plaintiff's Exhibit #4.

15.     Defendant DCPS, at all relevant times, refused to comply with the Withholding Order.

## VIOLATION OF 20 U.S.C. § 1095a

16.     Based on the foregoing, Defendant DCPS is in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC may administratively garnish up to ten percent (10%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer.

17.     Because Defendant DCPS failed to comply with the Withholding Order, Defendant, pursuant to 20 U.S.C. § 1095a(a)(6), is liable for any and all amounts it failed to withhold following receipt of the Withholding Order.

18.     The amount due to ECMC is either ten percent (10%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

19.     Pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

## INJUNCTION

20. Based on Defendant's continuing refusal to comply with the terms of the Withholding Order, ECMC seeks a mandatory injunction requiring Defendant to withhold and remit ten percent (10%) of Borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until Borrower's student loan debt is paid in full or Borrower terminates his employment with Defendant DCPS, whichever occurs earlier.

21. ECMC does not have an adequate remedy at law to prevent the multiplicity of lawsuits that would result from a continuing violation of 20 U.S.C § 1095a by Defendant and, thus, is entitled to injunctive relief in addition to damages for Defendant's past violations.

WHEREFORE, ECMC respectfully requests this Court grant ECMC:

1) Damages in the amount that Defendant DCPS should have withheld from Borrower's wages;

2) Pre and post-judgment interest on this amount, as allowed by law;

3) An injunction requiring the appropriate amount of money to be withheld from Borrower's wages and remitted to ECMC until Borrower's defaulted student loan debt is either paid in full or he/she no longer works for Defendant DCPS;

4) Reasonable attorneys' fees and costs; and

5) Such other relief as the Court deems appropriate.

Respectfully Submitted,

Dated: __8/14/06_____   __/s/ Rand L. Gelber_____
RAND L. GELBER, Fed Bar # 08663
One Church Street, Suite 802
Rockville, Maryland 20850
301-251-0202
Attorney for Plaintiff, Educational Credit
Management Corporation

CURTIS P. ZAUN
Minn. Atty. License 2663 10
Co-Counsel
Educational Credit Management Corporation
P. O. Box 64909
St. Paul, MN 55164-0909

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing <u>Amended Complaint</u> was mailed, postage prepaid, this 14th day of August, 2006, to Theresa Rowell, Esq., Assistant Attorney General, 441 4th Street, NW, Washington, D.C. 20001

 /s/ Rand L. Gelber
Rand L. Gelber