**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS, )<br>)<br>Defendant. )<br>_____ ) | Case No. 06-420 (RMC) |

**DEFENDANT DISTRICT OF COLUMBIA'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE**
**FOR SUMMARY JUDGMENT**

Defendant District of Columbia ("Defendant"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 56, moves this Court to dismiss plaintiff's complaint or, in the alternative, grant summary judgment on all claims, in that plaintiff fails to state a claim from which relief may be granted. In support of this motion, Defendant states that it did not violate 20 U.S.C. § 1095a. Defendant could not legally comply with the Withholding Order ("Order") in terms of the actual garnishment of wages, because Mr. Parker was no longer employed with the District at the time the Order was received by DCPS.

A Memorandum of Points and Authorities in support of this Motion is attached hereto.

                                        Respectfully submitted,

                                        EUGENE A. ADAMS
                                        Interim Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General, Civil Litigation Division

                                        _____/s/_____

                          KIMBERLY MATTHEWS JOHNSON
                          Chief, General Litigation Section I
                          Bar Number 435163


                          _____/s/_____
                          THERESA A. ROWELL
                          Assistant Attorney General
                          Bar Number 462523
                          Suite 6S087
                          441 Fourth Street, N.W.
                          Washington, D.C. 20001
                          (202) 724-6539
                          (202) 727-3625 (fax)
Filed 11/30/06           E-mail:  Theresa.Rowell2@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION,          )<br>                                                                      )<br>            Plaintiff,                                            )<br>                                                                      )     Case No. 06-420 (RMC)<br>       v.                                                          )<br>                                                                      )<br>DISTRICT OF COLUMBIA PUBLIC SCHOOLS,  )<br>                                                                      )<br>            Defendant.                                       )<br>_____)  | |

**DEFENDANT DISTRICT OF COLUMBIA'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE
<u>MOTION FOR SUMMARY JUDGMENT</u>**

*Preliminary Statement*

On May 26, 2005, a Withholding Order ("Order") was issued by Educational Credit Management Corporation ("ECMC") to the District of Columbia Public Schools ("DCPS") for Antonio Parker, who owed a student loan debt to ECMS. Complaint ¶ 12. ECMS did not receive a response from DCPS and on October 14, 2005, ECMC sent DCPS a demand letter further requesting compliance with the Order. Complaint ¶ 14.

DCPS received the Order from ECMS regarding Antonio Parker on October 24, 2005. Def. Exh. 1, Decl. of Mathews, ¶ 2. The order was forwarded on November 5, 2005, to the District of Columbia's Office of Pay & Retirement ("OPRS"), who is responsible for processing wage garnishment orders for D.C. Government employees. *Id.*

Antonio Parker worked as a teacher for DCPS from September 1999 through August 26, 2004. Def. Exh. 1, Decl. of Mathews, ¶ 3; Def. Exh. 2, Personnel Action Data. At the time the Order was received in October 2005, Mr. Parker was no longer employed with DCPS, although

he was still listed as an active employee in the payroll system. *Def. Exh. 1, Decl. of Mathews,* ¶ 4. Because Mr. Parker was still listed as an active employee in the payroll system, OPRS entered the Order. *Id.* However, no garnishment occurred because Mr. Parker was no longer receiving paychecks.[1] *Id.*

Plaintiff filed the Amended Complaint on August 15, 2006. Plaintiff alleges that DCPS refused to comply with a withholding order that plaintiff sent to garnish the paycheck of Mr. Antonio Parker, who owed ECMC for a student loan debt. *Complaint,* Docket #1. As a result of the refusal to comply, ECMC alleges DCPS, as employer of Mr. Parker, violated 20 U.S.C. § 1095a[2], when it failed to comply with the Order issued by ECMC. *Id.*

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1971). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Although the non-moving party receives the benefit of all inferences that can be reasonably drawn from the allegations made in the complaint, bare conclusions of law or sweeping and unwarranted declarations of fact will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by facts set out in the complaint, "[n]or must the court accept legal

---

[1] The payroll records reflect an additional payment of $1,819.27 on January 24, 2005, which was a retroactive pay due to Mr. Parker's moving from a step 5 to a step 6 and four checks in the amount of $36.05 in July and August, which represent prorated summer money accrued by Mr. Parker for 32 hours which was certified by the school for the pay period ending September 4, 2004. Def. Exh. 1, Decl. of Mathews, ¶ 6.

conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

If matters outside of the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(b). Summary judgment must be awarded where "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not a disfavored procedural shortcut, but rather it is an integral part of the civil rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

The party seeking summary judgment bears the initial burden of demonstrating the absence of genuine issues of material fact, and the party need not negate the allegations of the complaint with affidavits or other evidence. *Beard v. Goodyear Tire & Rubber Co.,* 587 A.2d 195 (D.C. 1991) (citing *Celotex, supra* 477 U.S. at 323.) Instead, the moving party may rely upon an absence of proof concerning *essential elements* of the plaintiff's claim. *Beard,* 587 A.2d at 198 (*emphasis added*). Once the movant has demonstrated that there is no genuine issue of material fact, the burden shifts to the non-moving party to come forward with specific evidence showing that genuine issues of material fact exist. *Id.*

The existence of some factual dispute will not defeat a motion for summary judgment – rather there must be a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477

---

[2] 20 U.S.C. § 1095a provides that guaranty agencies may administratively garnish up to ten percent (10%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order.

U.S. 242, 247-48 (1986).  The evidence must be more than colorable and significantly probative or summary judgment is the appropriate remedy.  *Id.* at 294-50.  The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to defeat a motion for summary judgment.  *Graff v. Malawar,* 592 A.2d 1038, 1041 (D.C. 1991).

Even making all reasonable inferences in the plaintiff's favor, the plaintiff cannot state a recoverable claim against the District.  Thus, plaintiff's complaint should be dismissed.

*Argument*

Defendant could not legally comply with the order in terms of the actual garnishment of wages, because Mr. Parker was no longer employed with the District.  DCPS received the Order regarding Antonio Parker on October 24, 2005 and forwarded it to OPRS on November 5, 2005.  Because Mr. Parker was still listed as an active employee in the payroll system, OPRS entered the Order.  Mr. Parker was not, however, receiving paychecks from the government, because he no longer worked with DCPS.  No garnishment occurred because Mr. Parker was no longer receiving a paycheck.

Had DCPS identified the administrative error sooner, it would have been able to inform ECMC of Mr. Parker's status at the time it received the Order in October 2005.  However, the District did not violate 20 U.S.C. § 1095a and is not liable for any amounts plaintiff alleges it failed to withholding following receipt of the Order, because there was no monies to garnish.  Hence, the complaint should be dismissed.

        Respectfully submitted,

        EUGENE A. ADAMS
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

          /s/
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation Section I
Bar Number 435163


          /s/
THERESA A. ROWELL
Assistant Attorney General
Bar Number 462523
Suite 6S087
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6539
(202) 727-3625 (fax)

Filed: 11/30/06        E-mail:  Theresa.Rowell2@dc.gov