IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
EDUCATIONAL CREDIT              *
MANAGEMENT CORPORATION,         *
                                *
        Plaintiff,              *
                                *
v.                              *       Case No. 06-420 (RMC)
                                *
DISTRICT OF COLUMBIA            *
PUBLIC SCHOOLS, et al.,         *
                                *
        Defendants.             *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT
<u>AND ECMC'S CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW the Plaintiff, Educational Credit Management Corporation, ("ECMC") by and through counsel, Rand L. Gelber, and in opposition to Defendant, District of Columbia's, Motion to Dismiss or, in the Alternative for Summary Judgment, and in support of it's Cross-Motion for Summary Judgment, states as follows:

I.   <u>Statement of the Case</u>

This case was initiated against Defendant, District of Columbia Public Schools ("DCPS"), on or about March 6, 2006, as an Administrative Wage Garnishment action ("AWG") under 20 U.S.C. § 1095a, seeking damages for wages the Defendant failed to withhold from it's employee's wages, and for injunctive relief. Subsequently, on or about August 15, 2006, Plaintiff filed an Amended Complaint adding Defendant, District of Columbia ("DOC"), as the entity that controls DCPS and that is legally responsible for its actions/inactions.

Defendant, DOC has filed a Motion to Dismiss Plaintiff's Amended Complaint or, in

the Alternative for Summary Judgment, based on its assertion that it did not violate 20 U.S.C. § 1095a. In support of their motion, Defendants assert that they could not "legally comply with the Withholding Order in terms of the actual garnishment of wages because Mr. Parker was no longer employed with the District at the time the Order was received by DCPS." (See, Defendant's Motion to Dismiss, p.1.) Plaintiff opposes Defendants' Motion to Dismiss/Summary Judgment, and Cross-Moves for Summary Judgment, based upon Defendants' blatant statutory violation of 20 U.S.C. § 1095a, and the undisputed fact that DOC failed to withhold funds from Mr. Parker's four checks he received after the Withholding Order was issued and that DOC failed to respond to the Wage Withholding Order.

II.     Statement of the Facts

This case stems from an Administrative Wage Garnishment action involving debtor, Antonio Parker ("Borrower"), an employee of the Defendant, who was in default on a student loan owed to ECMC. As of November 11, 2005, this debt was in the amount of $49,567.30, plus interest. On April 5, 2005, ECMC served Borrower with the required thirty (30) day Notice of Intent to Initiate Withholding Proceedings, a copy of which was attached to Plaintiff's Amended Complaint as Exhibit No. 1. Because no hearing was requested under 20 U.S.C § 1095a(a)(5)(b), ECMC issued a Withholding Order to Defendant, District of Columbia Public Schools ("DCPS"), on May 26, 2005, a copy of which was attached to Plaintiff's Amended Complaint as Exhibit No. 2. No representative or employee of the Defendant DCPS contacted ECMC regarding the Withholding Order, and Defendant DCPS did not remit any of the Borrower's wages in accordance with the Withholding Order or otherwise respond to the Order. Therefore, ECMC sent Defendant DCPS subsequent notice on August 3, 2005, requesting compliance with the Withholding Order, a copy of which was attached to

Plaintiff's Amended Complaint as Exhibit No. 3. On October 14, 2005, ECMC sent Defendant DCPS another letter requesting compliance with the Withholding Order, a copy of which was attached to Plaintiff's Amended Complaint as Exhibit No. 4. Defendants failed and refused to respond or comply with the Withholding Order, despite numerous written requests.

On or about April 28, 2006, some 7 weeks after suit was filed, Defendant, DOC, finally advised Plaintiff as to the status of Mr. Parker's employment with the District of Columbia Public Schools, by advising that "Mr. Antonio Parker is no longer employed with the District of Columbia Public School System." In this letter, Defendant DOC acknowledged that DCPS received the garnishment order from ECMC, but for reasons explained therein, Mr. Parker was "never terminated in the payroll system . . . However, no payments were withheld because Mr. Parker was not issued paychecks after the garnishment date."

Defendants' delay of almost one year before informing Plaintiff as to the status of Mr. Parker's employment is inexcusable. The administrative errors committed by the Defendants continue to cost the Plaintiff legal fees. Defendants' failure to respond to the Withholding Order and subsequent notices constitute more than administrative error; it is inexcusable neglect, and Plaintiff is entitled to damages as a result thereof.

III.     Argument

a.     <u>Defendants Violated 20 U.S.C. § 1095a by not Responding to ECMC"s Notice, which Empowers Guaranty Agencies, such as ECMC, to Administratively Garnish Wages of Defaulted Student Loan Borrowers</u>.

Under Title IV, Part B of the Higher Education Act of 1965 ("HEA") Congress enacted a program in which the federal government encouraged the making of loans by private lenders to eligible students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). The

federal government encourages the making of these loans by having the U.S. Secretary of Education ("Secretary") pay part of the student's interest and costs, and guaranteeing repayment of the loan if the student defaults. See 20 U.S.C. § 1078(a),(c). This program is presently known as the Federal Family Education Loan Program ("FFELP"). ECMC is a guaranty agency under the FFELP.

To assist the Secretary in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. See 20 U.S.C § 1085(j). A guaranty agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. See 20 U.S.C § 1078(c). Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. See 20 U.S.C § 1078(c)(2); 34 C.F.R § 682.410(b). When a guaranty agency collects money on a defaulted student loan, it sends the majority of the money to the Secretary and retains a portion to defray costs of collection. See 20 U.S.C § 1078(c)(2)(D).

To assist the Secretary and the guaranty agencies in collecting defaulted student loans, in 1991, Congress gave guaranty agencies the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to ten percent (10%) of the disposable income of these borrowers. See 20 U.S.C. § 1095a; see also Department of Education, Dear Agency Guaranty Letter (1994). This section explicitly preempts state laws and sets forth procedures for providing students with due process, including prior notice of the agency's intent to withhold, a hearing if requested, and the issuance of a Withholding Order.

*See* 20 U.S.C § 1095a(a), (b) 34 C.F.R § 682.410(b)(10). This section also provides that guaranty agencies may sue employers who do not deduct and pay over as directed in the Withholding Order. *See* 20 U.S.C § 1095(a)(6); 34 C.F.R § 682.410(b)(10)(i)(F).

Based on the foregoing, Defendants are in violation of 20 U.S.C. § 1095a, which provides that guaranty agencies, such as ECMC may administratively garnish up to ten percent (10%) of the disposable earnings of defaulted student loan borrowers by issuing a Withholding Order to the borrower's employer. Because Defendants failed to comply with or even respond to the Withholding Order, Defendants, pursuant to 20 U.S.C. § 1095a(a)(6), are liable for any and all amounts it failed to withhold following receipt of the Withholding Order. Further, the amount due to ECMC is either ten percent (10%) of Borrower's disposable earnings, or such lesser amount, as required by 15 U.S.C. § 1673, from the date of Defendant's receipt of the Withholding Order to the date Borrower ceases to be employed by Defendant or the date this court enters judgment.

Moreover, pursuant to 20 U.S.C. § 1095a(a)(6), ECMC is entitled to its attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages. Defendants' delay of almost one year before informing Plaintiff as to the status of Mr. Parker's employment is inexcusable. The administrative errors committed by the Defendants continue to cost the Plaintiff legal fees. Defendants' failure to respond to the Withholding Order of May 26, 2005; Plaintiff's subsequent notice of August 3, 2005, which requested compliance with the Withholding Order; and a demand letter of October 15, 2005, which further requesting compliance with the Withholding Order, constitute more than administrative error, it is inexcusable neglect. It was not until April 28, 2006 that Defendant, DOC, finally clarified the status of Mr. Parker's employment with the District of Columbia

Public Schools at the time, by stating that "Mr. Antonio Parker is no longer employed with the District of Columbia Public School System."   It is therefore respectfully requested that Defendants' Motion to Dismiss be denied in its entirety, as a result of their violation of 20 U.S.C. § 1095a, and Plaintiff's entitlement to attorneys' fees and costs associated with pursuing this action and, in the court's discretion, punitive damages.

b.   <u>The Undisputed Facts that Defendants Raise are not Material to this Litigation, and Plaintiff is Entitled to Summary Judgment as a Matter of Law.</u>

It is well settled that summary judgment is only proper if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  Moreover, the Court must view all the evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.), *cert. den.*, 484 U.S. 977 (1987), and draw all inferences in the nonmovant's favor.  *Santiago v. Lane*, 894 F. 2d 218, 221 (7th Cir. 1990).  In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial.  See *Waldridge v. American Hoechst Corp.*, 24 F. 3d 918 (7th Cir. 1994). Credibility determinations, weighing evidence, and drawing reasonable inferences are jury functions, not those of a judge deciding a summary judgment motion. *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2513-14.  Lastly, the court is not obligated in our adversary system to "scour the record" in search of a factual dispute on behalf of a nonmoving party.  See *Waldridge v. American Hoechst Corp.*, 24 F. 3d at 922; see also *Monahan v. New York City Department of Corrections*, 214 F. 3d 275, 292 (2d Cir. 2000) (while trial court has discretion to conduct an assiduous review of the record in determining if summary judgment warranted, "it is not required to consider what the parties fail to point out").

Despite Defendants' claim to the contrary, the undisputed facts that they raise are not material to this litigation. Whether or not Mr. Parker was employed at the time that the Withholding Order was issued is not a material issue of fact, although there evidence to suggest that he was in fact employed at that time. There is no dispute that Mr. Parker was in fact issued checks, albeit small, in the amount of $36.05 on four successive dates, 7/22/05, 8/5/05, 8/19/05 and 9/2/05. (A copy of the "Personnel Action Data" provided by Defendant, was attached to Defendant's Motion as Exhibit No. 2.) This was two to three months after the Withholding Order was issued. This clearly contradicts Defendant's assertion that Mr. Parker was not issued a "paycheck" after the garnishment. The two material facts to which there is no dispute is that Mr. Parker received four checks from the Defendant after the Notice of Garnishment, and that Defendant failed to respond to the Notice of Wage Garnishment or to remit the required 10% of the wages to the Plaintiff. Defendant's failure to respond resulted in the filing of this action. In addition, the fact that Mr. Parker received four checks after the Notice of Wage Garnishment, entitles ECMC to its statutory share. Moreover, ECMC is entitled to attorneys fees, an affidavit of which is attached hereto and incorporated herein as Plaintiff's Exhibit No. 1.

It is therefore respectfully requested that Defendant's Motion for Summary Judgment be denied, as they raise alleged issues of fact which are not material to this litigation. However, Plaintiff is entitled to Summary Judgment based upon the undisputed material facts that Defendants did not timely or appropriately respond to the Withholding Order and subsequent letters submitted by Plaintiff, which was a statutory violation of 20 U.S.C. § 1095a, and the undisputed fact that Mr. Parker did receive four checks after the Withholding Order was issued, which are subject to wage garnishment.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that Plaintiff's Motion to Dismiss or, In the Alternative for Summary Judgment, be denied in its entirety, and that Plaintiff's Cross-Motion for Summary Judgment be granted, entering judgment in favor of ECMC for the statutory withholding, attorneys fees and court costs for the reasons set forth above.

Respectfully Submitted,

Dated: December 20, 2006

/s/   Rand L. Gelber
_____
RAND L. GELBER, Fed Bar # 08663
One Church Street, Suite 802
Rockville, Maryland 20850
301-251-0202
Attorney for Plaintiff, Educational Credit Management Corporation


CURTIS P. ZAUN
Minn. Atty. License 2663 10
Co-Counsel
Educational Credit Management Corporation
P. O. Box 64909
St. Paul, MN 55164-0909

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's opposition to Defendant, District of Columbia's Motion to Dismiss or, in the Alternative for Summary Judgment, and in support of Plaintiff's Cross-Motion for Summary Judgment was mailed, postage prepaid, this 20th day of December, 2006, to Theresa Rowell, Esq., Assistant Attorney General, 441 4th Street, NW, Washington, D.C. 20001

 /s/ Rand L. Gelber
Rand L. Gelber