IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ) ) ) | |
| Plaintiff, ) ) ) | Civil Action No. 06-420 (RMC) |
| v. ) ) | |
| DISTRICT OF COLUMBIA PUBLICS, ) *et al.*, ) ) | |
| Defendants. ) _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND
DEFENDANT'S OPPOSITION TO PLAINTIFF'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

Defendant District of Columbia ("Defendant"), by and through undersigned counsel, herein replies to plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment, and states as follows:

**I.   <u>Defendant did not violate 20 U.S.C. § 1095a</u>**

Plaintiff contends that Defendant failed and refused to respond or comply with the Withholding Order ("Order"), despite numerous written requests. Pl. Opp. at 3. Such assertion, however, is belied by the record. Pursuant to 20 U.S.C. § 1095(a)(6), defendant would be liable for any and all amounts it failed to withhold following receipt of the Order. Once the District of Columbia Public Schools ("DCPS") received the Order from Educational Credit Management Corporation ("ECMC") on October 24, 2005, the Order was forwarded to the District of Columbia's Office of Pay & Retirement ("OPRS")

for processing.[1]  Def. Ex. 1, Decl. Of Mathews, ¶ 2.  Because Mr. Parker received no monies after the Order was processed, no garnishment occurred and no monies were forwarded to ECMC.

Plaintiff also contends that the administrative errors committed by Defendant constitute inexcusable neglect and therefore Plaintiff is entitled to damages as a result thereof.  Pl. Opp. at 3.  However, Plaintiff's claim in this case is for a violation of 20 U.S.C. § 1095(a) only and not for negligence.  Since DCPS complied with the Order once it was received, Plaintiff is not entitled to damages.[2]

## II.   Plaintiff is not entitled to summary judgment

Plaintiff contends that the two material facts to which there is no dispute is that Mr. Parker received four checks from the Defendant after ECMC sent the initial Notice of Garnishment and that Defendant failed to respond to the Notice of Wage Garnishment or to remit the required 10% of the wages to the Plaintiff.  Pl. Opp. at 7.  Notwithstanding the fact that Mr. Parker received four checks after the Notice of Garnishment was issued by ECMC, it is undisputed that these checks were issued **prior** to DCPS's receipt and processing of the Notice of Wage Garnishment.  Moreover, DCPS could not legally remit the required 10% of the wages to the Plaintiff because Mr. Parker received no disposable income after DCPS received and processed the Order.  Thus, as a matter of law, Plaintiff is not entitled to summary judgment.

Respectfully submitted,

---

[1] There is no record that DCPS received the initial Order sent May 26, 2005 or the subsequent Order sent on August 3, 2005.  *See* Def. Exh. 1, Decl. Of Mathews, ¶ 2.

[2] As argued in Defendant's Motion to Dismiss or, in the Alternative for Summary Judgment, Defendant could not legally comply with the Order in terms of the actual garnishment of wages, because Mr. Parker was no longer employed with the District.

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/_____
        KIMBERLY MATTHEWS JOHNSON
        Chief, General Litigation Section I
        Bar Number 435163

        _____/s/_____

Date: 1/3/07        THERESA A. ROWELL
        Assistant Attorney General
        Bar Number 462523
        Suite 6S087
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6539
        (202) 727-3625 (fax)
        E-mail: Theresa.Rowell2@dc.gov