UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-420 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Educational Credit Management Corporation ("ECMC") brought this suit against the District of Columbia ("D.C.") for failure to comply with a wage Withholding Order issued under 20 U.S.C. § 1095a. The Withholding Order required D.C. to garnish the wages of Antonio Parker, a former D.C. employee, who owed a student loan debt to ECMC. D.C. filed a motion for summary judgment, and ECMC filed a cross motion. Because Mr. Parker was no longer an employee of D.C. and D.C. did not disburse any wages to Mr. Parker after it received the Withholding Order, D.C. cannot be liable for failure to comply with the Withholding Order. Accordingly, D.C.'s motion for summary judgment will be granted, ECMC's motion for summary judgment will be denied, and the Amended Complaint[1] will be dismissed.

---

[1] Although the Amended Complaint [Dkt. #8] names both D.C. and District of Columbia Public Schools ("DCPS") as defendants in this matter, the Court's August 15, 2006 Minute Entry Order makes it clear that the Court dismissed DCPS from this suit and D.C. is the sole remaining defendant.

## I. BACKGROUND FACTS

Under Title IV, Part B, of the Higher Education Act ("HEA"), 20 U.S.C. §§ 1071-1087-4, Congress instituted a program to encourage qualified private lenders to make loans for students' post-secondary education. *See* 20 U.S.C. §§ 1071(a), 1085(d). This program, known as the Federal Family Education Loan Program ("FFELP"), encourages private lenders to make student loans by providing that the Secretary of Education pay part of the student's interest and costs and by guaranteeing loan repayment. *Id*. § 1078(a) & (c). In order to implement the FFELP, the Secretary enters into agreements with guaranty agencies. *Id*. § 1085(j). A guaranty agency guarantees loan repayment and pays the holder of the loan if the student defaults. The Secretary reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the guaranty agency. *Id*. § 1078(c). Guaranty agencies also collect defaulted student loans. *Id*. § 1078(c)(2); *see also* 34 C.F.R. § 682.410(b)(6). When a guaranty agency collects on a defaulted loan, it sends most of the funds to the Secretary and retains a portion to defray the costs of collection. 20 U.S.C. § 1078(c)(2)(D). To assist in the collection of defaulted student loans, Congress gave the guaranty agencies the authority to issue an administrative order, called a withholding order, to the employer of a defaulting borrower, requiring the employer to withhold up to ten percent of the borrower's disposable income. 20 U.S.C. § 1095a.

ECMC is a guaranty agency under FFELP. Am. Compl. ¶ 9. On April 5, 2005, ECMC served a defaulting student loan borrower, Mr. Parker, with a thirty-day Notice of Intent to Initiate Withholding Proceedings. Am. Compl. Ex. 1. Mr. Parker did not request a hearing, and ECMC issued a Withholding Order on May 26, 2005. Am. Compl. Ex. 2. The Withholding Order required D.C., Mr. Parker's alleged employer, to withhold ten percent of Mr. Parker's wages and pay

the withheld monies to ECMC. *Id*. D.C. did not contact ECMC and did not remit any wages to ECMC in compliance with the Withholding Order. Am. Compl. ¶ 13. Then, on August 3, 2005, ECMC submitted a Second Notice of Order of Withholding From Earnings ("Second Notice") to D.C. requesting compliance with the Withholding Order, *id*. Ex. 3, and on October 14, 2005, ECMC sent D.C. a demand letter requesting compliance. *Id*. Ex. 4.

D.C. received the Withholding Order on October 24, 2005 and, on November 5, 2005, forwarded the Order to the District of Columbia's Office of Pay & Retirement ("OPRS"). Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") Ex. 1, Decl. of Priya Mathews ("Mathews Decl.") ¶ 2. OPRS is responsible for garnishment of D.C. government employee wages. *Id*. The parties do not explain why D.C. did not receive the Withholding Order until October 24, 2005 nor do they explain what happened to the Withholding Order or the Second Notice in the interim between the time they were issued and October 24, 2005.

D.C. did not withhold any of Mr. Parker's wages because Mr. Parker was no longer employed by D.C. Mr. Parker was a teacher with DCPS between September 1999 and August 2004. Mathews Decl. ¶ 3; *see also* Def.'s Mem. Ex. 2, Personnel Action Data. After Mr. Parker was no longer a D.C. employee, he inadvertently remained in the D.C. payroll system as an active employee. *Id*. Because he was still "active" in the system, OPRS entered the garnishment. *Id*. ¶ 4. However, "[n]o deductions were made because Mr. Parker was not receiving regular paychecks after August 2004." *Id*. After the Withholding Order was issued in May 2005, D.C. sent only four checks to Mr. Parker. *Id*. ¶ 6. These four checks, each in the amount of $36.05, were dated July 22, 2005; August 5, 2005; August 19, 2005; and September 2, 2005. *Id*.; Def.'s Mem. Ex. 2, Personnel Action Data. These four checks represented "prorated summer money accrued by Mr. Parker for 32 hours which

was certified by the school for the pay period ending September 4, 2004. Because Mr. Parker was inadvertently still active in the payroll system, he received this payment in four (4) installments of summer pay, as all summer teachers receive." *Id.* ¶ 6. ECMC asserts that D.C. should have withheld 10% of each of these four checks pursuant to the Withholding Order.

ECMC brought this suit contending that D.C. is liable for the amounts it failed to withhold — that is, that D.C. should have withheld $3.61 from each of the four checks issued to Mr. Parker between July and September of 2005. ECMC also alleges that under 20 U.S.C. § 1095a(a)(6) D.C. is liable for its attorney's fees and costs associated with pursuing this action, totaling $2,243.75,[2] as well as punitive damages.

## II. LEGAL STANDARDS

D.C. has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6), or in the alternative for summary judgment pursuant to Rule 56. Where matters outside the pleadings are presented in a motion to dismiss, the court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b)(6). Here, D.C. presented personnel pay records and the Declaration of Priya Mathews. Thus, the Court will treat D.C.'s motion as one for summary judgment. In addition, ECMC has filed a cross motion for summary judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty*

---

[2] *See* Pl.'s Opp. & Cross Mot. for Summ. J. Ex. 1, Letter from ECMC's attorney setting forth attorney fees and costs.

*Lobby, Inc.*, 477 U.S. 242, 247 (1986); *see also Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III.  ANALYSIS

The HEA provides, "a guaranty agency . . . may garnish the disposable pay of an individual to collect the amount owed by the individual, if he or she is not currently making required payment under a repayment agreement . . . ." 20 U.S.C. § 1095a. A guaranty agency may bring suit against an employer who fails to comply with a withholding order but only if the employer actually has received the withholding order. The HEA provides:

> the employer shall pay to the Secretary or the guaranty agency as directed in the withholding order issued in this action, and shall be liable for, and the Secretary or the guaranty agency, as appropriate,

> may sue the employer in a State or Federal court of competent jurisdiction to recover, any amount that such employer fails to withhold from wages due an employee *following receipt of [sic] such employer of notice of the withholding order*, plus attorneys' fees, costs, and, in the court's discretion, punitive damages, but such employer shall not be required to vary the normal pay and disbursement cycles in order to comply with this paragraph.

*Id.* § 1095a(6) (emphasis added); *see also* 34 C.F.R. § 682.410(b)(9)(i)(F) (guaranty agency shall sue any employer for any amount that the employer, after receipt of garnishment notice, failed to withhold).

Here, the parties agree that after the May 2005 Withholding Order was issued, in July, August, and September of 2005, D.C. issued four checks to Mr. Parker. However, D.C. asserts that it did not receive the Withholding Order until October 24, 2005, and it did not issue any checks to Mr. Parker after receiving the Order. *See* Decl. of Mathews ¶¶ 2, 4, & 6. Although ECMC issued the Withholding Order in May 2005 and issued a Second Notice of the Withholding Order on August 3, 2005, ECMC has presented no evidence whatsoever that D.C. received the Withholding Order before October 2005. ECMC may not rely solely on conclusory allegations to defeat D.C.'s motion for summary judgment. *Greene*, 164 F.3d at 675. Summary judgment must be granted against ECMC since ECMC has failed to make a showing sufficient to establish the existence of an element essential to its case. *See Celotex*, 477 U.S. at 322. That is, ECMC failed to present any evidence that D.C. had received notice of the Withholding Order when it failed to withhold a portion of Mr. Parker's income. In addition, because ECMC cannot make a case for violation of the Withholding Order under 20 U.S.C. § 1095a, there is no basis for ECMC's claim for attorney's fees and costs or for punitive damages.

## IV. CONCLUSION

For the reasons explained above, D.C.'s motion to dismiss or for summary judgment [Dkt. #12] will be granted, ECMC's cross motion for summary judgment [Dkt. #16] will be denied, and this case will be dismissed. A memorializing order accompanies this Memorandum Opinion.


Dated: January 19, 2007                              /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge